UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

HUGO AVILES, on behalf of himself
and others similarly situated,

  Plaintiff,

  v.

GOLD START GROUP LLC, a Florida Limited Liability
Company, ANIBAL VASQUEZ-LOPEZ, individually,
GOLD STAR ROOFING & CONSTRUCTION CORP.,
a Florida Corporation, and JOSE MARTINEZ, individually,

  Defendants.

_____/

## **COMPLAINT**

1. Plaintiff, HUGO AVILES (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, GOLD START GROUP LLC, a Florida Limited Liability Company, ANIBAL VASQUEZ-LOPEZ, individually, GOLD STAR ROOFING & CONSTRUCTION CORP., a Florida Corporation, and JOSE MARTINEZ, individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and/or operated a roofing and contracting business in Miami-Dade County.

3. At all times material to this Complaint, Defendants, GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP., directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to him and/or sharing revenues, expenses, and

operational control of the respective corporate Defendants through ANIBAL VASQUEZ-LOPEZ and JOSE MARTINEZ together running a roofing and contracting business. Alternately, Defendants, GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP., and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him. As a second alternative, Defendants, GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other employees similarly situated to him because the corporate Defendants, through ANIBAL VASQUEZ-LOPEZ and JOSE MARTINEZ, commonly controlled the finances, terms of compensation and employment of Plaintiff and the other similarly situated employees, and/or were not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him. As a final alternative, Defendants, GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the finances and operations of the corporate Defendants through ANIBAL VASQUEZ-LOPEZ and JOSE MARTINEZ, including overseeing the terms of employment and compensation of Plaintiff and the others similarly situated to him.

4.     Defendants, ANIBAL VASQUEZ-LOPEZ and JOSE MARTINEZ, have at all times material to this Complaint owned and/or managed GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP. and VASQUEZ-LOPEZ together with MARTINEZ have regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP.  By virtue of such control and authority, ANIBAL VASQUEZ-LOPEZ and JOSE MARTINEZ are employers and/or joint-employers of Plaintiff and the other employees of GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

5.     Plaintiff brings this action on behalf of himself and other current and former roofing employees and manual laborers of Defendants, however variously titled, similarly situated to Plaintiff for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).  It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

6.     Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §133

7.     All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

8.     At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, GOLD START GROUP LLC and GOLD STAR

ROOFING & CONSTRUCTION CORP. have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP. have employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with tools and equipment such as nail guns, staple guns, hammers, and shovels, all of which were all goods and/or materials moved in or produced for commerce; (b) handled, worked with, and roofing materials including but not limited to roofing paper, tar, and nails, all of which were all goods and/or materials moved in or produced for commerce; (c) trucks used in the operation of Defendants' roofing business including a Ford F250, Ford F350, and Chevrolet 150, of which were goods and/or materials moved in or produced for commerce; and (d) processed and participated in electronic bank, payroll, and other financial electronic transactions.

9.     Based upon information and belief, the annual gross sales volume of GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

10.     At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, GOLD START GROUP LLC and GOLD STAR ROOFING & CONSTRUCTION CORP. have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11.     Between approximately March 2018 and March 2019, Plaintiff worked for Defendants as a non-exempt manual laborer in Defendants' roofing contracting business in Miami-

Dade County, Florida with Plaintiff's primary duties that consisted of the following non-exempt tasks:  (a) driving one of Defendants' F250 trucks and picking up materials and supplies at stores such as Gulfeagle Supply and ABC Supply Co.; and (b) performing manual labor on residential roofs to repair or replace existing roofs and install new roofs along with Defendants' other employees at multiple homes each week.

12.     The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt roofing employees and manual laborers, however variously titled, who have worked for Defendants in one or more weeks between September 2016 and the present and carried out manual labor in support of Defendants' roofing projects without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

13.     Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately March 2018 and March 2019, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendants instead paying part of the wages to Plaintiff and the other similarly situated employees in checks through South East Personnel Leasing while also paying Plaintiff and the other employees with the rest of their wages in cash – but without time and one-half compensation for overtime hours as required by the FLSA.

14.     Likewise, the other employees of Defendants who are similarly situated to Plaintiff have regularly worked as non-exempt roofing employees and manual laborers, however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between September 2016 and the present.

15.     However, Defendants have failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt roofing employees and manual laborers, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours and instead paid part of their wages via check and part in cash without time and one-half wages for their hours worked in excess of Forty (40) hours per week during the three (3) year statute of limitations period between September 2016 and the present.

16.     During the three (3) year statute of limitations period between approximately March 2018 and March 2019, Plaintiff regularly worked six (6) days per week for Defendants, Monday through Saturday, with start times of approximately 6:30 a.m. and stop times of approximately 5:00-7:00 p.m., regularly working an average of approximately Sixty-Six (66) hours per week.

17.     Subject to discovery, based upon Defendants paying Plaintiff based upon a day rate of approximately $133.00 per day—through approximately $400.00 paid via check and approximately $400.00 paid in cash—and Plaintiff being owed an average of approximately Twenty-Six (26) overtime hours per week during a total of approximately Fifty (50) work weeks between approximately March 2018 and March 2019 at the rate of approximately $6.06 per hour [$800.00/66 hours= [$12.12/2 = $6.06/hour], Plaintiff's unpaid overtime wages total approximately $7,878.79 [$6.00/hour x 26 OT hours/week x 50 weeks = $7,878.79].

18.     Based upon information and belief, Defendants failed to maintain records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated roofing employees and manual laborers, however variously titled, during each week between September 2016 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

19.     At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated roofing employees and manual laborers, however variously titled, in excess of Forty (40) hours per week between September 2016 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

20.     The complete records reflecting both the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt roofing employees and manual laborers, however variously titled, at any location between September 2016 and the present are in the possession, custody, and/or control of Defendants.

### COUNT I
### OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

21.     Plaintiff, HUGO AVILES, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

22.     Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for Defendants as a non-exempt employee in Defendants' roofing business in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2018 and March 2019.

23.     All similarly situated non-exempt roofing employees and manual laborers however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks

within the three (3) year statute of limitations period between September 2016 and the present.

24.     Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt roofing employees and manual laborers, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between September 2016 and the present.

25.     At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other roofing employees and manual laborers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between September 2016 and the present based upon, *inter alia*, Defendants: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other employees; and (b) attempting to use cash wages to avoid Defendants' knowing failure to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

26.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

27.     Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated roofing employees and manual laborers, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

28.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

29.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, HUGO AVILES and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, GOLD START GROUP LLC, ANIBAL VASQUEZ-LOPEZ, GOLD STAR ROOFING & CONSTRUCTION CORP., and JOSE MARTINEZ, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 19, 2019                    Respectfully submitted,

By:     **KEITH M. STERN**
        Keith M. Stern, Esquire
        Florida Bar No. 321000
        E-mail:  employlaw@keithstern.com
        LAW OFFICE OF KEITH M. STERN, P.A.
        80 S.W. 8th Street, Suite 2000
        Miami, Florida 33130
        Telephone:  (305) 901-1379
        Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendants, **Gold Star Roofing & Construction, Corp., a/k/a Gold Start Roofing & Construction, and South East Personnel Leasing, Inc.,** as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Hugo Aviles